UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-688-RJC
(3:12-cr-52-RJC-2)

| | |
|---|---|
| URTIS DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response in Opposition, (Doc. No. 10), on Petitioner's Reply, (Doc. No. 11), and on Petitioner's Motion for Evidentiary Hearing, (Doc. No. 12).

**I. BACKGROUND**

Beginning in 2011, Petitioner participated in a crack cocaine distribution operation in Charlotte, North Carolina. (Crim. Case No. 3:12-cr-52-RJC-2, Doc. No. 32 at 4-7: PSR). While investigating, undercover officers purchased crack cocaine from Petitioner. (Id. at 5-6). During a search of Petitioner's residence, officers recovered cocaine, baking soda, and related materials; thousands of dollars in United States currency; and numerous firearms. (Id. at 6-7). On February 21, 2012, Petitioner was charged by a grand jury in the Western District of North Carolina with two counts of possession with intent to distribute crack cocaine and one count of conspiracy to do so, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) and 21 U.S.C. §§ 846. (Id., Doc. No. 3: Sealed Indictment). On March 7, 2012, the Government filed an Information under 21 U.S.C. § 851, which triggered increased maximum penalties in light of Petitioner's

1

criminal history.  (Id., Doc. No. 14: Information).

On June 14, 2012, Petitioner pled guilty, without a written plea agreement, to each of the three counts against him.  (Id., Doc. No. 23: Acceptance and Entry of Guilty Plea).  Although no written plea agreement was signed, the Government agreed to withdraw the Information it had previously filed under 21 U.S.C. § 851.  (Id., Doc. No. 45 at 8-9; 14: Transcript of Plea and Rule 11 Hearing).  This Court conducted a plea colloquy and found that Petitioner's guilty plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties, and consequences of his plea.  (Id. at 16).  During the colloquy, among other things, the Court described the charges to Petitioner, and the Government described the maximum penalties.  (Id. at 8-9).  Petitioner confirmed under oath that he had discussed with his attorney the charges and maximum penalties and that Petitioner understood them.  (Id. at 9; 13).  Petitioner also confirmed under oath that he had spoken to his attorney about how the United States Sentencing Guidelines might apply to his case; that he understood that the Court would not be able to determine his sentence until later; and that he understood that he would remain bound by his plea even if the sentence was more severe than he expected.  (Id. at 9-11).  During his plea colloquy, Petitioner affirmed specifically that he had enough time to discuss with his attorney any possible defenses he might have to the charges.  (Id. at 14).  He also explicitly affirmed that he was satisfied with the services of his attorney.  (Id.).  When asked if he would like to say anything else about the services of his attorney, he said, "I'm satisfied, that's all I can say."  (Id. at 15).

On January 31, 2013, this Court sentenced Petitioner to a term of imprisonment of 180 months on each count, to be served concurrently, which was within the sentencing guidelines range of 151-188 months.  (Id., Doc. No. 46 at 4; 11: Sentencing Tr.).  The Court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1 based on two prior North Carolina

convictions. (Id., Doc. No. 32 at 8). Specifically, Petitioner had been convicted of robbery with a dangerous weapon and of manufacturing, selling, delivering, or possessing a controlled substance within 1,000 feet of a school. (Id.). His sentence as a career offender was based on a total offense level of 29 and a criminal history category of VI. (Id., Doc. No. 46 at 4). Petitioner appealed, and the Fourth Circuit subsequently affirmed this Court's judgment in an unpublished opinion. United States v. Davis, 538 Fed. App'x 262 (2013). Petitioner placed the petition in the prison system for mailing on December 6, 2013, and it was stamp-filed in this Court on December 12, 2013. Petitioner asserts seven claims of ineffective assistance of trial counsel in the petition and accompanying memorandum. (Doc. Nos. 1; 1-1).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' memoranda, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is

3

"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

1. **Petitioner's contention that trial counsel gave him constitutionally deficient advice before sentencing about the prerequisites for establishing that Petitioner's prior**

**convictions qualified as predicates for a career offender enhancement under U.S.S.G. § 4B1.1.**

Petitioner first contends that his trial counsel rendered ineffective assistance by giving him constitutionally deficient advice before sentencing about the prerequisites for establishing that Petitioner's prior convictions qualified as predicates for a career offender enhancement under U.S.S.G. § 4B1.1. (Doc. No. 1-1 at 9). Petitioner alleges that his attorney "failed to inform him that the courts must have (a) the statutory definition of the offense in question, (b) the charging document, (c) a written plea agreement, (d) the transcript of a colloquy between the trial judge and the accused in which the factual basis for the plea was confirmed by [the] accused, (e) and [an] explicit factual finding by the trial judge to which the accused assen[t]ed." (Id. at 9-10 (citing Shepard v. United States, 544 U.S. 13 (2005)). Petitioner asserts that if his attorney had informed him of these requirements, he "would have contested the career-offender enhancement." (Id. at 10).

Petitioner's claim is without merit, as Petitioner's prior convictions qualified categorically as predicates for a career offender enhancement. Under the career offender guidelines, an offense qualifies as a "crime of violence" if it is punishable by more than one year of imprisonment and either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). To determine if a prior conviction constitutes a crime of violence, courts use a "categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)).

5

In a "narrow range of cases," however, a "state statute can be violated in several ways," some of which would fall within the definition of a "crime of violence," and some of which would not. See id. When a prior conviction is for violating such a "divisible statute"—one that sets out one or more of the elements in the alternative— courts use a "modified categorical approach." Descamps v. United States, 133 S. Ct. 2276, 2279 (2013); United States v. Alston, 611 F.3d 219, 224 (4th Cir. 2010). In using this approach, courts may only rely on documents with "the conclusive significance of a prior judicial record," such as charging papers, written plea agreements, and jury instructions. See Shepard, 544 U.S. at 20.

Here, the statutes governing Petitioner's predicate offenses are not divisible, and the Court was, therefore, not required to consult judicial records to determine whether they qualified as predicates. First, Petitioner's North Carolina conviction for robbery with a dangerous weapon, pursuant to N.C. GEN. STAT. § 14-87(a), categorically qualifies as a conviction for a "crime of violence" under U.S.S.G. § 4B1.1. See United States v. Cook, 510 Fed. App'x 231, 232 (4th Cir. 2013) (citing United States v. White, 571 F.3d 365, 371 n.5 (4th Cir. 2009) (finding that "the substantive North Carolina offense of robbery with a dangerous weapon is a violent felony" under the Armed Career Criminal Act)); see also United States v. Martin, 215 F.3d 470, 474 n.4 (4th Cir. 2000) (noting that the term "violent felony" under the Armed Career Criminal Act is "almost identical" to the definition of "crime of violence" under U.S.S.G. § 4B1.1).

Furthermore, Petitioner's North Carolina conviction for manufacture, sale, delivery, or possession with intent to manufacture, sell, or deliver a controlled substance within 1,000 feet of a school, pursuant to N.C. GEN. STAT. § 90-95(a)(1), (e)(8), qualifies categorically as a "controlled substance offense" because it prohibits the "manufacture, import, export, distribution, or dispensing of a controlled substance" or "the possession of a controlled substance

6

. . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). See United States v. Johnson, 246 F.3d 330, 332 (4th Cir. 2001) (noting that it was undisputed that a New Jersey conviction for possession of a controlled substance with the intent to distribute within 1,000 feet of a school was a controlled substance offense under U.S.S.G. § 4B1.2(b)), abrogated on other grounds by Begay v. United States, 553 U.S. 137 (2008); United States v. Brown, No. 5:10-cr-322-D, 2011 WL 3734822, at *3 (E.D.N.C. Aug. 24, 2011) (finding that the petitioner's convictions for possession of a controlled substance with the intent to distribute within 1,000 feet of a school qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b)), aff'd, 488 Fed. App'x 662 (4th Cir. 2012). Because Petitioner was properly designated as a career offender, his attorney's failure to advise him about the prerequisites for establishing that Petitioner's prior convictions qualified as predicates for a career offender enhancement was not deficient, nor can Petitioner establish prejudice.

In sum, Petitioner's first claim of ineffective assistance of counsel is without merit.

**2. Petitioner's contention that trial counsel rendered ineffective assistance because he failed to move, pursuant to U.S.S.G. § 4A1.3(b)(1), for a downward departure on the ground that Petitioner's criminal history category substantially overrepresented the seriousness of Petitioner's criminal history.**

Petitioner next contends that his trial counsel rendered ineffective assistance because he failed to move, pursuant to U.S.S.G. § 4A1.3(b)(1), for a downward departure on the ground that Petitioner's criminal history category substantially overrepresented the seriousness of Petitioner's criminal history. (Doc. No. 1-1 at 10). U.S.S.G. § 4A1.3(b)(1) provides that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant

7

will commit other crimes, a downward departure may be warranted." Petitioner has not shown that his criminal history category VI substantially overrepresented the seriousness of his criminal history or the likelihood that Petitioner would reoffend. Thus, Petitioner cannot show that this Court would have granted a downward departure if Petitioner's attorney had moved for such departure under U.S.S.G. § 4A1.3. Indeed, this Court considered Petitioner's criminal history in detail when imposing his sentence. (Crim. Case No. 3:12-cr-52-RJC-2, Doc. No. 46 at 6-7). The Court specifically recounted the string of convictions for various offenses that Petitioner received from 2000 to 2011, when he began participating in the offenses to which he pled guilty. (Id. at 12). The Court observed, "[T]here's almost a wall-to-wall criminal history scenario where he is being released from prison, and almost immediately going back into criminal activity," and the Court ultimately rejected Petitioner's request for a sentence at the low end of the guidelines. (Id. at 11-12). Moreover, Petitioner's attorney competently advocated for Petitioner by urging the Court to impose a sentence at the low end of the guidelines range. (Id. at 6-7). Thus, Petitioner has failed to show that counsel was ineffective for failing to move for a downward departure under U.S.S.G. § 4A1.3(b)(1).

In sum, Petitioner's second claim of ineffective assistance of counsel is without merit.

**3. Petitioner's contention that trial counsel rendered ineffective assistance because he failed to move, pursuant to U.S.S.G. § 3B1.2, for a downward adjustment on the ground that Petitioner's participation in the offense was minor or minimal.**

Petitioner next contends that his trial counsel rendered ineffective assistance because he failed to move, pursuant to U.S.S.G. § 3B1.2, for a downward adjustment on the ground that Petitioner's participation in the offense was minor or minimal. (Doc. No. 1-1 at 12). U.S.S.G. § 3B1.2 provides for a decrease in a defendant's offense level based on the sentencing court's

8

finding that the defendant was a minimal or minor participant in the criminal activity. Petitioner's claim is without merit because, as the Court has already found, Petitioner was properly designated as a career offender under U.S.S.G. § 4B1.1, and he was therefore not eligible for an offense-level reduction under U.S.S.G. § 3B1.2. See United States v. Morton, No. 91-5262, 1991 WL 127605, at *1 (4th Cir. July 16, 1991) (unpublished) ("[C]areer offenders are precluded from claiming a 'minor role' offense level reduction."). Therefore, counsel's failure to move for a downward adjustment was not deficient because it would have been a meritless motion.

In sum, Petitioner's third claim of ineffective assistance of counsel is without merit.

**4. Petitioner's contention that trial counsel was ineffective for failing to investigate Petitioner's criminal history category before Petitioner pled guilty.**

Petitioner next contends that his trial counsel rendered ineffective assistance for "fail[ing] to investigate his criminal-history category" before Petitioner pled guilty. (Doc. No. 1-1 at 12). Petitioner's claim fails because his allegation is contradicted by the record of his Rule 11 colloquy, during which he explicitly affirmed under oath that he had discussed with his attorney how the sentencing guidelines might apply to his case and that he was satisfied with his attorney's representation. (Crim. Case No. 3:12-cr-52-RJC-2, Doc. No. 45 at 9-11; 14). See United States v. Lemaster, 403 F.3d 216, 222-23 (4th Cir. 2005). Moreover, Petitioner does not allege that, but for his counsel's alleged error, he would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985) (where a defendant has pled guilty, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty). Thus, his claim fails.

In sum, Petitioner's fourth claim of ineffective assistance of counsel is without merit.

**5. Petitioner's contention that trial counsel was ineffective for "fail[ing] to fully advise him to the nature of the charges and the maximum possible penalty for the offense" before Petitioner pled guilty.**

Petitioner next contends that his trial counsel rendered ineffective assistance for "fail[ing] to fully advise him to the nature of the charges and the maximum possible penalty for the offense" before Petitioner pled guilty. (Doc. No. 1-1 at 12). Petitioner's allegation is again contradicted by the record of his Rule 11 colloquy, during which Petitioner explicitly confirmed under oath that he had discussed the charges and maximum penalties with his attorney. (Crim. Case No. 3:12-cr-52-RJC-2, Doc. No. 45 at 9; 13). Moreover, Petitioner cannot establish prejudice because the charges against him and the maximum penalties were described on the record during Petitioner's plea colloquy, and Petitioner affirmed under oath that he understood them. (Id. at 8-9; 13). Petitioner nevertheless subsequently affirmed that he still wished to plead guilty. (Id. at 13). Accordingly, Petitioner cannot establish that he would have insisted on going to trial had he known about the charges and the maximum penalties.

In sum, Petitioner's fifth claim of ineffective assistance of counsel is without merit.

**6. Petitioner's contention that trial counsel was ineffective for "fail[ing] to properly advise petitioner of the sentencing guidelines" before Petitioner pled guilty.**

Petitioner next contends that his trial counsel rendered ineffective assistance for "fail[ing] to properly advise petitioner of the sentencing guidelines" before Petitioner pled guilty. (Doc. No. 1-1 at 12). This allegation is also contradicted by the record of his Rule 11 colloquy, during which Petitioner explicitly affirmed under oath that he had discussed with his attorney how the sentencing guidelines might apply to his case and that he was satisfied with his attorney's representation. (Crim. Case No. 3:12-cr-52-RJC-2, Doc. No. 45 at 9-11). Moreover, Petitioner

cannot establish prejudice, as he does not purport to allege that he would not have pled guilty and would have, instead, proceeded to trial. Instead, he asserts that if he had been "properly informed of the guidelines as a career offender," he "would have petitioned for a plea agreement with the government." (Doc. No. 1-1 at 13). Petitioner, however, has no right to be offered a plea agreement. See Missouri v. Frye, 132 S. Ct. 1399, 1410 (2012). Moreover, he has not alleged, and cannot establish, that the Government would have offered, and the Court would have accepted, a plea agreement permitting Petitioner to avoid his designation as a career offender.

In sum, Petitioner's sixth claim of ineffective assistance of counsel is without merit.

**7. Petitioner's contention that counsel was ineffective because he failed to challenge the career offender designation based on Petitioner's conviction for manufacture, sale, delivery, or possession with intent to manufacture, sell, or deliver a controlled substance within 1,000 feet of a school.**

Finally, Petitioner contends that his trial counsel rendered ineffective assistance because he failed to challenge the career offender designation based on Petitioner's North Carolina conviction for manufacture, sale, delivery or possession with intent to manufacture, sell, or deliver a controlled substance within 1,000 feet of a school, under N.C. GEN. STAT. § 90-95(a)(1), (e)(8). Petitioner contends that the offense is not a "crime of violence" and was, therefore, not a proper conviction for purposes of the career offender enhancement. (Doc. No. 1-1 at 13). Petitioner's claim fails. As the Court has discussed, career-offender predicate offenses are not limited to crimes of violence. They also include controlled substance offenses. See U.S.S.G. § 4B1.1(a). Moreover, as the Court has already discussed, the drug conviction upon which Petitioner's career offender status was based is a controlled substance offense within the

meaning of U.S.S.G. § 4B1.1(a).

In sum, Petitioner's seventh claim of ineffective assistance of counsel is without merit.

## IV.  CONCLUSION

For the reasons stated herein, Petitioner's § 2255 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

2. Petitioner's Motion for Evidentiary Hearing, (Doc. No. 12), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 7, 2015

Robert J. Conrad, Jr.
United States District Judge